UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Case No.**

**CHRISTOPHER PALMISANO,**
in his individual capacity,

        **Plaintiff,**

**v.**

**MAVERICK CONSTRUCTION LLC, d/b/a Maverick Construction** and,
**NICHOLAS HOWARD,** an individual,

        **Defendants.**

## COMPLAINT

### INTRODUCTION

1. Plaintiff Christopher Palmisano ("Plaintiff") worked as a contractor for Defendants' construction company for about six and a half months, from approximately April 29, 2022 through November 11, 2022. Plaintiff brings this action against Defendants to recover the unpaid wages he earned for work he performed as their employee.

2. Toward the end of his employment with Defendants, Plaintiff worked on a construction project at the Cherry Creek Mall ("Cherry Creek Project") from approximately September 1, 2022 to October 20, 2022. Plaintiff worked about 48 hours per week on the Cherry Creek Project. Although Plaintiff was supposed to be paid $35 per hour for his work, Plaintiff was underpaid for the approximately seven weeks of work he performed on the Cherry

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

Creek Project. Plaintiff received partial payment for two weeks of work and was entirely unpaid for the approximately five other weeks.

3. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Maverick Construction LLC, and Nicholas Howard, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' construction located at 4170 Sandberg Dr, Colorado Springs, CO 80911, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Maverick Construction LLC**

7. Defendant **Maverick Construction LLC** (hereinafter "Maverick Construction") is a limited liability company doing business within El Paso County, and whose principal place

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 2

of business is located at 4170 Sandberg Dr, Colorado Springs, CO 80911. Its registered agent is listed with the Colorado Department of State as Nicholas Howard at the same address.

8. Defendant Maverick Construction is a construction company.

9. At all relevant times, Defendant Maverick Construction had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Maverick Construction was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief Defendant Maverick Construction purchases supplies, equipment, and other necessary items to run its construction business and serve its customers from out-of-state vendors selling such supplies and equipment originating outside the state of Colorado. Agents of Defendant Maverick Construction also travel on public highways and interstates to various job locations to perform their work, and Defendants have a company truck that travels on public highways and interstates that bears a Maverick Construction decal on the side with a contact phone number. Defendant Maverick Construction operates across Colorado state lines and conducts business in Wyoming. Plaintiff himself worked for Defendants in Wyoming at the Francis E. Warren Air Force Base on various occasions. Upon information and belief, Defendant Maverick Construction also accepts payments by credit cards and utilizes the phone and internet lines to accept and transmit payments.

12. At all times material to this action, Defendant Maverick Construction was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 3

**Defendant Nicholas Howard**

13. Defendant Nicholas Howard, an individual, resides at 4170 Sandberg Dr, Colorado Springs, CO 80911, El Paso County, upon information and belief.

14. At all times material to this action, Defendant Howard actively participated in the business of Defendant Maverick Construction.

15. At all times material to this action, Defendant Howard exercised substantial control over the functions of Defendant Maverick Construction's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

16. At all times material to this action, Defendant Howard controlled a company truck that bears a Maverick Construction logo with a contact phone number. Defendant Howard also controlled which employees were permitted to use this truck, when they could use the truck, and for what purposes they could use the truck.

17. At all times material to this action, Defendant Howard was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

18. Defendant Howard has an ownership interest in and/or is a shareholder of Defendant Maverick Construction.

**Plaintiff Christopher Palmisano**

19. Plaintiff Christopher Palmisano is a resident of Fountain, CO, which is in El Paso County.

20. Plaintiff Palmisano worked for Maverick Construction as a Construction Contractor from April 28, 2022, to approximately November 11, 2022.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 4

21. As a Contractor, Plaintiff's duties and responsibilities included working on the flooring and ceilings at various job sites, installing trim on walls and baseboards, and installing fixtures and shelves.

22. At all times material to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

23. In this position, Plaintiff regularly interacted with customers who are from all across the United States and the world.  Plaintiff handled materials and tools that originated outside of Colorado.  Plaintiff also utilized Defendants' credit card to purchase materials for work.

24. Plaintiff traveled across Colorado state lines into Wyoming on various occasions to work at the Francis E. Warren Air Force Base. Plaintiff also purchased supplies necessary for the construction project in Wyoming at a Home Depot in Wyoming several times.

25. Plaintiff's primary supervisor was Defendant Nicholas Howard.

26. Plaintiff estimates that generally he worked approximately 50 hours per week.

27. While working for Defendants, Plaintiff was expected to record time worked by using an application on his phone. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

28. While in this position, Plaintiff's pay scheme varied between weekly and hourly.

29. From approximately September 1, 2022 to October 20, 2022, Plaintiff worked on a construction project at the Cherry Creek Mall ("Cherry Creek Project") for Defendants.

30. Plaintiff worked about 50 hours per week on the Cherry Creek Project.

31. Plaintiff typically started work at 4:00 a.m. and stopped work at 2:00 p.m. He usually worked 5 days per week.

32. Although Plaintiff was supposed to be paid $35 per hour for his work on the Cherry Creek

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 5

Project, Plaintiff was underpaid for the approximately seven weeks of work he performed on the Cherry Creek Project.

33. Plaintiff received partial payment for two weeks of work on the Cherry Creek Project and was entirely unpaid for the approximately five other weeks.

34. Further, Plaintiff was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek on the Cherry Creek Project.

35. In fact, for hours over 40 worked in the workweek on the Cherry Creek Project, Plaintiff was not paid any compensation.

36. Plaintiff, through counsel, sent Defendants a Demand for Payment of Wages letter on February 6, 2023.

37. Defendants have not paid Plaintiff any further wages for the Cherry Creek Project since he sent his Demand Letter on February 6, 2023.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

38. Plaintiff incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

**Failure To Pay Time Overtime Properly**

39. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

**Record-Keeping Failures**

40. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 6

29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

41. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

42. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break.  In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

43. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

44. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

46. The Defendants were Plaintiff's "employer" as that term is defined by COMPS Order #38. 7 C.C.R. 1103-1(1.6(A)).

47. Plaintiff is Defendants' "employee" as that term is defined by COMPS Order #38 because He performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. *Id.* at 1.5(A).

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 7

48. Plaintiff work more than 40 hours at least some workweeks.

49. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

50. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(8.1(A)).

52. Defendants violated the CWA as implemented by the COMPS Order when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

53. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay Wages When Due**
**(Violation of the C.R.S. § 8-6-103)**

54. The Defendants failed to pay Plaintiff all his earned wages when due.

55. Specifically, Defendants failed to pay Plaintiff all of his earned wages each pay period.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

56. Plaintiff has been separated from employment with Defendants.

57. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

58. Specifically, Defendants did not pay Plaintiff overtime wages for his overtime hours

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 8

worked.

**Failure to Pay Wages In Response to Wage Demand**
**(Violation of the C.R.S. § 8-6-109)**

59. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated February 6, 2023.

60. Defendant has not tendered any payment in response to this demand.

61. More than 14 days has elapsed since February 6, 2023.

62. Defendants' failure to pay Plaintiff's owed wages in response to the wage demand was willful.

63. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

**Record-Keeping Failures; Failure to Provide Pay Stubs**
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1(12))**

64. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

65. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS 7 C.C.R. 1103-1(12).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 9

*Damages*

66. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CONVERSION/ THEFT OF SERVICES

67. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

68. Pursuant to COMPS Order #38, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401. 7 C.C.R. § 1103-1.

69. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

70. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)  Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)  Statutory damages as provided for the CWCA; and

(D)  Interest; and

(E)  The costs of this action together with reasonable attorneys' fees; and

(F)  Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **17th** day of **August, 2023.**

ANDERSONDODSON, P.C.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
mmelso@andersondodson.com
CO Bar Reg No. 56800
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 11

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.**

Executed on ___8/17/2023___ at ___Colorado Springs, Co.___
         (date)                    (city or other location, and state)

___Christopher J Palmisano___      ___Christopher J Palmisano___ (DocuSigned by, 3014982F0F27455...)
Printed Name of Plaintiff          Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Palmisano v. Maverick Construction LLC*
USDC, District of Colorado

Complaint
Page 12